## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RAYMOND R. OESTRIECHER**                                    **CIVIL ACTION**

**VERSUS**                                                               **NO. 07-1044**

**CHARLES WALLACE, ET AL.**                              **SECTION:  "B"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Raymond R. Oestriecher, a state prisoner, filed this *pro se* and *in forma pauperis* complaint against Charles Wallace, Wade Rigdon, Mickey Dillion, Laramie King, Corbert Hunt, Kevin Luper, Blandon Smith, Scottie Temple, and Jeff Williams.  In this lawsuit, plaintiff claims that defendants used excessive force against him on October 18, 2006.

Presently pending before the Court are a Motion for Entry of Default filed by plaintiff and a Motion for Summary Judgment filed by defendants.  For the following reasons, it is recommended that the former motion be denied and the latter motion be granted.

### Plaintiff's Motion for Entry of Default

Plaintiff has filed a motion for entry of default.[1]  However, this civil action is subject to the Prison Litigation Reform Act of 1995 ("PLRA").  "Defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court ...."  <u>Jones v. Bock</u>, 127 S.Ct.

---

[1] Rec. Doc. 29.

910, 920 (2007); 42 U.S.C. § 1997e(g)(1).  In the instant case, it was not until August 24, 2007, that defendants were first ordered to respond to the complaint, and the Court gave defendants fifteen days from that date to respond.[2]  Therefore, at the time plaintiff filed his motion on May 30, 2007, defendants were not in default.  Further, defendants filed their motion for summary judgment on September 4, 2007, within the deadline set by the Court.  Accordingly, plaintiff was never entitled to entry of default.

<u>Defendants' Motion for Summary Judgment</u>

Defendants have filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[3]  Plaintiff was ordered to file a memorandum in opposition to that motion,[4] but he has not done so.

In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  <u>Taita Chemical Co., Ltd. v. Westlake Styrene Corp.</u>, 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his]

---

[2] In April 2007, defendants had indicated an intention to voluntarily respond to the lawsuit by filing a motion for an extension of time to answer, which was in fact granted.  Rec. Docs. 15 and 16.  However, for reasons not apparent from the record, defendants did not thereafter file a response.  Nevertheless, it was not until August that they were expressly ordered by the Court to file a response.

[3] Rec. Doc. 35.

[4] Rec. Doc. 37.

own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In their motion for summary judgment, defendants argue that plaintiff failed to exhaust his administrative remedies regarding the alleged use of excessive force on October 18, 2006.  The PLRA, as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory in cases covered by § 1997e(a).  Porter v. Nussle, 534 U.S. 516, 524 (2002).  The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Id. at 532 (emphasis added).

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Wiley v. Mangrum,

3

146 Fed. App'x 757 (5th Cir. 2005); <u>Johnson v. Travis</u>, Civ. Action No. 07-213, 2007 WL 1433896, at *2 (E.D. La. May 14, 2007).

At the time of the incident giving rise to this complaint, plaintiff was incarcerated in a prison operated by the Louisiana Department of Public Safety and Corrections.  In such facilities, there exists a two-step administrative remedy procedure.  28 La. Reg. 857 (Apr. 20, 2002) (codified at La. Admin. Code tit. 22, pt. I, § 325).  In his original complaint, plaintiff alleged that he filed grievance number RCC-2006-789 regarding the incident on October 18, 2006.[5]  In his amended complaint, he indicated that was an error and that the relevant grievance was grievance number RCC-2006-765.[6] In their motion for summary judgment, defendants argue that neither of those two grievances exhausted plaintiff's administrative remedies.

Defendants argue that grievance number RCC-2006-789 is in fact the grievance relevant to plaintiff's instant claims.  However, they note, and have furnished evidence to prove, that plaintiff withdrew that grievance.

The record reflects that, because plaintiff had other administrative grievances already pending at the time he submitted grievance number RCC-2006-789, that grievance was placed on backlog.  On November 15, 2006, Kristi Thomas, the APR screening officer, sent plaintiff a notice stating:

> The administrative remedy procedure for adult inmates allows for the backlogging of multiple requests, therefore, the first request will be accepted and handled.  The others will be logged and set aside for handling at such time as the current request

---

[5] Rec. Doc. 1, p. 3.

[6] Rec. Doc. 5, p. 3.

in the system has been exhausted at the 2nd Step or your time limits have elapsed at either Step 1 or Step 2.

You currently have an ARP(s) in the system.  The ARP received today RCC-06-789 will be processed following the above guidelines.  If you wish to have this ARP handled immediately, you may withdraw all pending ARPs.[7]

On March 9, 2007, plaintiff was notified that grievance number RCC-2006-789 was no longer backlogged and would be answered within forty days.  However, on March 10, 2007, plaintiff submitted a handwritten and signed statement which read:  "In regards to the above ARP, RCC-2006-789.  Please be advised that I wish to drop this particular complaint.  I await word from you concerning this.  Thank you, and have a nice day."  Based on plaintiff's statement that he wished to drop the complaint, the grievance was considered withdrawn and never answered by prison authorities.  Plaintiff has neither disputed the foregoing summary judgment evidence nor provided his own evidence to rebut it.

As to grievance number RCC-2006-765, defendants argue that grievance likewise did not exhaust plaintiff's administrative remedies.  They first contend that grievance number RCC-2006-765 is irrelevant because it concerned only plaintiff's medical care, not the use of excessive force on which his instant claim is based.  However, that contention cannot be verified because defendants have not bothered to provide the Court with copies of that grievance.  Nevertheless, defendants also contend that, in any event, plaintiff did not pursue grievance number RCC-2006-765 past the first

---

[7] The Court notes that the utilization of a backlog system for multiple grievances is constitutionally permissible and does not excuse a prisoner's failure to exhaust his administrative remedies.  See Wilson v. Boise, No. 00-30803, 2001 WL 422621, at *3-4 (5th Cir. Mar. 30, 2001); see also Thomas v. Prator, 172 Fed. App'x 602 (5th Cir. 2006).

step of the applicable two-step grievance procedure.  In support of that contention, defendants have

provided an affidavit from Marvin Lynn McCloud, in which he states in pertinent part:

> 1.  I am currently employed by the State of Louisiana, through the Department of Public Safety and Corrections.
> 2.  I am employed at Rayburn Correctional Center (RCC) as the Executive Staff Officer.
> 3.  As the Executive Staff Officer, I supervise the Administrative Remedy Procedure (ARP) process at RCC.
> 4.  As the Executive Staff Officer, I am custodian of all grievances (ARPs) filed by inmates housed at RCC.
> ....
> 6.  The ARP records at RCC reflect that Oestriecher ... filed ARP No. RCC-2006-765 complaining that he did not receive adequate medical care regarding a gash on his head.  This ARP was filed on October 18, 2006.
> 7.  ARP No.: RCC-2006-765 was received on October 23, 2006.  Due to the backlog status, it was accepted on February 14, 2007, and denied on March 3, 2007.  Oestriecher did not proceed to the second step.  Thus, Oestriecher did not exhaust at the second step of the ARP procedure.

Again, plaintiff has neither disputed defendants' evidence nor provided his own evidence to rebut

it.

Based on the foregoing unrebutted evidence, it is clear that plaintiff did not exhaust his

administrative remedies prior to filing this lawsuit.  The United States Fifth Circuit Court of Appeals

has noted:  "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'"  Underwood

v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed.

1981)).  Neither grievance number RCC-2006-789 nor grievance number RCC-2006-765 was

sufficient to "exhaust" plaintiff's available administrative remedies.

With respect to grievance number RCC-2006-789, even if that was a relevant grievance,[8] it was merely a first-step grievance which was withdrawn by plaintiff before it could be answered. Clearly, in light of that withdrawal, grievance number RCC-2006-789 had no effect on the exhaustion of plaintiff's administrative remedies.  See Johns v. Edwards, Civil Action No. 06-3767, 2007 WL 1958962, at *4 (E.D. La. June 28, 2007).

With respect to grievance number RCC-2006-765, even if the Court assumes that the grievance was otherwise relevant to the claims in this lawsuit, the record reflects that (1) it was still pending at the time the instant lawsuit was filed in February 2007 and (2) the denial of the grievance at the first step was not appealed to the second step.  Both of those facts are fatal.  First, the law is clear that a prisoner must exhaust his administrative remedies *prior* to the filing of a lawsuit; exhaustion of such remedies while the lawsuit is pending is insufficient.  Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Troquille v. Griffith, Civ. Action No. 07-3934, 2007 WL 2809909, at *1 and *3 (E.D. La. Sept. 24, 2007).  Second, in any event, a plaintiff's administrative remedies are not exhausted unless he pursued the grievance remedy through *conclusion* of a multi-step administrative remedy procedure.  Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); Troquille, 2007 WL 2809909, at *3.  Simply initiating the procedure by filing a first-step grievance, without proceeding to the second step as required, is insufficient.  Johns, 2007 WL 1958962, at *4.

The evidence clearly establishes that plaintiff abandoned both grievance number RCC-2006-789 and grievance number RCC-2006-765 prior to completion of the applicable administrative

---

[8] The parties have not provided the Court with a copy of the actual grievance.

remedy procedure.  In light of that fact, it would violate both the letter and intent of the law to allow

him to proceed directly to federal court on his claims.  The United States Supreme Court has noted:

> Once within the discretion of the district court, exhaustion in cases covered by §
> 1997e(a) is now mandatory.  All "available" remedies must now be exhausted; those
> remedies need not meet federal standards, nor must they be "plain, speedy, and
> effective." ...
>
> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and
> improve the quality of prisoner suits; to this purpose, Congress afforded corrections
> officials time and opportunity to address complaints internally before allowing the
> initiation of a federal case. In some instances, corrective action taken in response to
> an inmate's grievance might improve prison administration and satisfy the inmate,
> thereby obviating the need for litigation.  In other instances, the internal review
> might "filter out some frivolous claims." And for cases ultimately brought to court,
> adjudication could be facilitated by an administrative record that clarifies the
> contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

In light of the foregoing, it is clear that defendants' unopposed motion for summary

judgment should be granted and that plaintiff's excessive force claims should be dismissed based

on his failure to exhaust his administrative remedies.

<u>Threats</u>

Out of an abundance of caution, the Court notes that plaintiff alleges in his amended

complaint that he was threatened with bodily harm by Lt. Jason Smith and Lt. Blandon Smith on

October 4, 2006.[9]  It is unclear whether those allegations are intended as a separate claim in this

proceeding.  However, even if they are so intended, any such claim should be dismissed as frivolous

and for failing to state a claim on which relief may be granted.

---

[9] Rec. Doc. 5, p. 6.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge

9

No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

Broadly reading plaintiff's amended complaint,[10] the Court finds that any claim therein for verbal abuse or threats should be dismissed as frivolous and for failing to state a claim on which relief may be granted.[11]  Such abuse or threats, although undeniably troubling, simply do not give rise to a claim cognizable pursuant to 42 U.S.C. § 1983.  See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983 ...."); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."); see also Westbrook v. Treon, 78 Fed. App'x 970, 972 (5th Cir. 2003) ("Verbal threats do not rise to the level of a constitutional violation."); George v. Travis, Civil Action No. 07-986, 2007 WL 1428744, at *6 (E.D. La. May 10, 2007); Vessell v. Gusman, Civil Action No. 06-2294, 2006 WL 2067723, at *2 (E.D. La. Jul. 19, 2006).

Moreover, 42 U.S.C. § 1997e(e) provides:  "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Because the verbal abuse and

---

[10]  The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[11]  It unnecessary to hold a Spears hearing or to allow plaintiff another opportunity to amend his complaint because he has alleged his best case and the underlying defect with respect to his claim for verbal abuse cannot be cured by an amendment.  See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003).

threats resulted in no physical injury, plaintiff's claim is barred on that basis as well.  See Calhoun, 312 F.3d at 734; George, 2007 WL 1428744, at *7.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's Motion for Entry of Default, Rec. Doc. 29, be **DENIED.**

It is **FURTHER RECOMMENDED** that defendants' motion for summary judgment, Rec. Doc. 35, be **GRANTED** and that plaintiff's excessive force claims be **DISMISSED WITHOUT PREJUDICE**, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

It is **FURTHER RECOMMENDED** that plaintiff's claim for verbal abuse be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifth day of November, 2007.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

11